UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HOWARD E. WIGGINS,<br><br>    Petitioner,<br><br>vs.<br><br>RANDEE REWERTS,<br><br>    Respondent. | CASE NO. 2:20-CV-11546<br><br>ORDER DIRECTING PETITIONER TO CORRECT PROCEDURAL DEFICIENCIES |

Petitioner Howard E. Wiggins, a state prisoner at the Carson City Correctional Facility in Carson City, Michigan, filed a "Motion to Stay Proceedings and Hold Petition in Abeyance." *See* ECF No. 1. On June 27, 2020, the Court ordered Petitioner to pay the filing fee for his case or to apply for permission to proceed *in forma pauperis* within 21 days of the order. *See* ECF No. 2. To date, Petitioner has neither paid the filing fee, nor filed an application to proceed *in forma pauperis*.

Additionally, although Petitioner moved for a stay and to hold his petition in abeyance, he did not file a habeas petition with his motion. A habeas action generally "begins with the filing of an application for habeas corpus relief – the equivalent of a complaint in an ordinary civil case." *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). A habeas petition

must "allege the facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, ¶ 2, and "substantially follow either the form appended to [the Rules Governing Section 2254 Cases] or a form prescribed by a local district-court rule."  Habeas Rule 2(d). Furthermore, "Article III of the U.S. Constitution empowers federal courts to hear 'Cases' or 'Controversies,' nothing more," *United States v. Asakevich*, 810 F.3d 418, 420 (6th Cir. 2016), and "no case or controversy generally exists before an actual § 2254 petition is filed," *United States v. Thomas*, 713 F.3d 165, 168 (3d Cir. 2013).

Although the Clerk of Court treated Petitioner's pending motion as a habeas petition for purposes of commencing this action, the motion provides no information about Petitioner's conviction, sentence, or any post-conviction remedies that he may have pursued.  The motion merely lists several claims that Petitioner would like to present to the state trial court in a motion for relief from judgment.  The motion is not an adequate substitute for a habeas petition.  Accordingly, the Court orders Petitioner to:

> (1) pay the $5.00 filing fee to the Clerk of this Court **or** complete and file an application to proceed *in forma pauperis*; and

(2) complete and mail a habeas corpus petition to the Clerk of this Court **with the case number for this action (2:20-cv-11546)** typed or handwritten on the petition.

The Court is mailing the appropriate forms to Petitioner with a copy of this order for his convenience. Upon receipt of the forms, the Court will determine whether Petitioner is entitled a stay of his federal case. But if Petitioner fails to comply with this order **within thirty (30) days** of the date of the order, the Court may dismiss his case without prejudice for failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

Dated: November 6, 2020