UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **HOWARD DEON WIGGINS**, <br><br> Petitioner, <br><br> vs. <br><br> **RANDEE REWERTS**, <br><br> Respondent. | **CASE NO. 2:20-CV-11546-TGB** <br><br> **OPINION AND ORDER DENYING PETITIONER'S SECOND MOTION FOR A STAY AND TO HOLD HIS HABEAS PETITION IN ABEYANCE [13]** |

Petitioner Howard Deon Wiggins, a state prisoner at the Carson City Correctional Facility in Carson City, Michigan, has filed a motion to stay this case and to hold his habeas petition in abeyance while he exhausts state remedies. *See* ECF No. 13. Because Petitioner has not satisfied the test for staying a habeas petition, the Court is denying his motion.

## I. Background

### A. The State-Court Proceedings

Petitioner was convicted of armed robbery, Mich. Comp. Laws § 750.529, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony ("felony-

firearm"), Mich. Comp. Laws § 750.227b, following a jury trial in Sanilac County Circuit Court. The trial court sentenced Petitioner as a fourth habitual offender to prison terms of 28 to 50 years for the robbery conviction, 4 to 20 years for the felon-in-possession conviction, and 2 years for the felony-firearm conviction.

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *See People v. Wiggins*, No. 316049, 2014 WL 4214929 (Mich. Ct. App. Aug. 26, 2014). The Michigan Supreme Court, however, reversed the Court of Appeals' decision in part and remanded the case to the trial court for a determination of whether the trial court would have imposed a materially different sentence under the sentencing procedures described in *People v. Lockridge*, 498 Mich. 358; 870 N.W.2d 502 (2015). *See People v. Wiggins,* 498 Mich. 902; 870 N.W.2d 887 (2015).

On remand, the trial court declined to re-sentence Petitioner. Petitioner appealed the trial court's decision, but the Michigan Court of Appeals affirmed the trial court's sentencing decision. *See People v. Wiggins*, No. 333567, 2017 WL 4523630 (Mich. Ct. App. Oct. 10, 2017). On April 3, 2018, the Michigan Supreme Court denied leave to appeal

because it was not persuaded to review the issues. *See People v. Wiggins*, 501 Mich. 1038; 909 N.W.2d 247 (2018).

Petitioner then filed a motion for relief from judgment, which the trial court denied. Petitioner appealed the trial court's ruling, but the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal. *See People v. Wiggins*, No. 347568 (Mich. Ct. App. Apr. 18, 2019); *People v. Wiggins*, 504 Mich. 997; 934 N.W.2d 239 (2019).

### B. The Federal Habeas Proceedings

On June 2, 2020, Petitioner commenced this case by filing a motion to stay the proceedings and to hold his case in abeyance pending exhaustion of state remedies. ECF No. 1. After the Court directed Petitioner to correct certain procedural deficiencies, *see* ECF No. 4, Petitioner filed a habeas corpus petition, ECF No. 5. He alleged: (1) that trial counsel was ineffective for failing to challenge police misconduct and for not requesting a jury instruction on identification; and (2) that the prosecutor engaged in misconduct by presenting insufficient evidence, mischaracterizing the evidence, and misleading the jury. The Court subsequently denied Petitioner's initial motion for a stay, and Respondent filed an answer to the petition in which he alleged that

Petitioner's claims are time-barred, unexhausted, procedurally defaulted, and meritless. ECF No. 11, PageID.116-17.

Petitioner then filed the present motion for a stay and to hold his habeas petition in abeyance. ECF No. 13. He wants to file a delayed motion for new trial in the state trial court. The basis for his post-conviction motion would be: (1) that trial counsel was ineffective for failing to file a motion to suppress evidence and request a jury instruction on negligence; and (2) that appellate counsel was ineffective for failing to raise a meritorious claim about trial counsel's ineffectiveness. *See id.* at PageID.1229-39.

## II. Discussion

Petitioner asserts that his allegations of error were not raised in state court and that he needs to exhaust state remedies for his claims before this Court rules on the claims. *See id.* at PageID.1219. Habeas petitioners generally must exhaust state remedies before seeking the writ of habeas corpus in federal court. *See* 28 U.S.C. § 2254(b)(1), (c). And in *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court approved a "stay and abeyance" procedure, which allows a district court to stay a case and to hold a habeas petition in abeyance while the

petitioner returns to state court to pursue state-court remedies for previously unexhausted claims. *See id.* at 275.

"Once the petitioner exhausts his state remedies, the district court [can] lift the stay and allow the petitioner to proceed in federal court." *Id.* at 275-76. Nevertheless, this procedure is available only in limited circumstances, such as when the petitioner had good cause for the failure to exhaust his state remedies first in state court, the unexhausted claims are potentially meritorious, and the petitioner is not engaged in intentionally dilatory litigation tactics. *Id.* at 277-78.

Petitioner does not appear to be engaged in dilatory litigation tactics, and he seems to be saying that his appellate attorney was "cause" for his failure to present any unexhausted claims to the state courts before commencing this case. Given Respondent's answer, however, Petitioner's habeas claims do not appear to be meritorious. Accordingly, Petitioner is not entitled to a stay under *Rhines,* and his motion for a stay of the habeas proceedings and to hold the habeas petition in abeyance (ECF No. 13) is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 12, 2022    s/Terrence G. Berg
　　　　　　　　　　　　　　TERRENCE G. BERG
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on August 12, 2022.

　　　　　　　　　　　　　　s/A. Chubb
　　　　　　　　　　　　　　Case Manager