UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **HOWARD D. WIGGINS**, <br><br> Petitioner, <br> vs. <br><br> **RANDEE REWERTS**, <br><br> Respondent. | **2:20-CV-11546-TGB-EAS** <br><br> **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** <br> **(ECF NO. 5)** |

Petitioner Howard D. Wiggins, an inmate confined at the Carson City Correctional Facility in Carson City, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 5. In his pro se application, Petitioner challenges his convictions under Michigan law for armed robbery; possession of a firearm in the commission of a felony; felon in possession of a firearm; and being a fourth felony habitual offender.

For the reasons that follow, the petition for a writ of habeas corpus is **DENIED**. The Court **DENIES** issuance of a certificate of appealability, and **GRANTS** Petitioner leave to proceed in forma pauperis on appeal.

### I. BACKGROUND

Petitioner was convicted following a jury trial in the Sanilac County Circuit Court.

1

The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Wiggins*, No. 316049, 2014 WL 4214929 (Mich. Ct. App. Aug. 26, 2014). Instead of granting leave to appeal, the Michigan Supreme Court remanded the case to the trial court for the judge to determine whether Petitioner should be resentenced in light of the Michigan Supreme Court's decision *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015). *People v. Wiggins*, 870 N.W.2d 887 (Mich. 2015). In *Lockridge*, the Michigan Supreme Court held that Michigan's Sentencing Guidelines scheme violated the Sixth Amendment right to a jury trial and permitted criminal defendants to petition for resentencing. The Michigan Supreme Court denied leave to appeal with respect to Petitioner's other claims.

On remand, the trial judge found that he would not have imposed a materially different sentence and declined to resentence Petitioner. Respondent's Opp. to Pet., ECF No. 11, PageID.127.

Petitioner appealed the trial court's resentencing decision. The Michigan Court of Appeals affirmed the trial court's decision to deny Petitioner's request for resentencing. *People v. Wiggins*, No. 333567, 2017 WL 4523630 (Mich. Ct. App. Oct. 10, 2017). The state courts' direct review of Petitioner's case ended on April 3, 2018, when the Michigan Supreme Court denied Petitioner's application for leave to appeal the Michigan Court of Appeals decision. *People v. Wiggins*, 909 N.W.2d 247 (Mich. 2018) (unpublished table decision).

On July 31, 2018, Petitioner filed a post-conviction motion for relief from judgment with the trial court. ECF No. 12-18, PageID.1056. The trial court denied the motion. *Id.* at PageID.1034–36.

On April 18, 2019, the Michigan Court of Appeals denied Petitioner's application for leave to appeal. ECF No. 12-18, PageID.949. The state courts' collateral review of Petitioner's case ended on October 29, 2019, when the Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Wiggins*, 934 N.W.2d 239 (Mich. 2019) (unpublished table decision).

On December 23, 2019, Petitioner filed a motion for discovery and a motion to dismiss in the trial court. The trial court concluded that these motions were impermissible successive motions for relief from judgment barred by Michigan Court Rule 6.502(G). Specifically, because Petitioner did not identify any retroactive change in law or newly discovered evidence, he was not permitted to file a successive motion for relief from judgment. ECF No. 5, PageID.31–32; *see also* M.C.R. 6.502(G)(2).

On June 2, 2020, Petitioner filed a "Motion to Stay Proceedings and Hold Petition in Abeyance" in this Court. ECF No. 1. On November 6, 2020, this Court determined that Petitioner's motion to stay was not an actual petition for a writ of habeas corpus because the motion provided no information about Petitioner's conviction, sentence, or any post-conviction remedies that he may have pursued. ECF No. 4. Instead, the motion simply "listed several claims that Petitioner would like to present

3

to the state trial court in a motion for relief from judgment." *Id.* at PageID.12. This Court concluded that the motion "is not an adequate substitute for a habeas petition," and ordered Petitioner to file a proper habeas petition by December 7, 2020. *Id.* at PageID.12–13

Petitioner filed a habeas petition on December 4, 2020.[1] ECF No. 5. In response, Respondent argues that Petitioner's habeas petition is untimely and he is not entitled to equitable tolling of the statute of limitations. ECF No. 11, PageID.135.

## II. LEGAL STANDARD

There is a one-year statute of limitation for habeas petitions filed by state prisoners under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the most common starting point, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

Although not jurisdictional, AEDPA's one-year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009). A habeas petition filed outside the time period prescribed by § 2244(d)(1) that is not subject

---

[1] Under the prison mailbox rule, this Court will assume that Petitioner filed his habeas petition on December 4, 2020, the date that it was signed and dated. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

4

to equitable tolling must be dismissed. *See Allen v. Yukins*, 366 F.3d 396, 398 (6th Cir. 2004); *Vroman v. Brigano*, 346 F.3d 598, 600, 602 (6th Cir. 2003).

In evaluating the merits of a habeas petition, the Court must apply the heightened standard of review set forth by AEDPA. To obtain relief, habeas petitioners challenging "a matter 'adjudicated on the merits in State court' [must] show that the relevant state-court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)). The focus of this standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). In other words, "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations and quotation marks omitted).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664

5

(2004)). Furthermore, a state court's factual determinations are presumed correct on federal habeas review, *see* 28 U.S.C. § 2254(e)(1), and the federal court's review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. DISCUSSION
#### A. AEDPA Statute of Limitations and Collateral Review Tolling

As detailed below, a timely habeas petition in this case needed to be filed by October 1, 2020. Petitioner did not file the present application until December 4, 2020, making it untimely despite the applicability of collateral review tolling.

The Michigan Supreme Court initially remanded this case to the trial court for reviewing whether Petitioner was entitled to resentencing in light of *Lockridge* on October 28, 2015. On remand, the trial court judge indicated that he would have imposed the same sentence and declined to resentence Petitioner. Petitioner appealed the denial of the resentencing. The Michigan Court of Appeals affirmed the denial. On April 3, 2018, the Michigan Supreme Court denied Petitioner leave to appeal.

When a state court conducts a full resentencing, "the resulting sentence is a new 'judgment' that restarts § 2244(d)(1)'s timeclock." *Freeman v. Wainwright*, 959 F.3d 226, 229 (6th Cir. 2020). The imposition of a new, less favorable sentence, upon a limited resentencing,

6

likewise amounts to a new "judgment" that restarts the one-year limitations period for filing a federal habeas petition. *Id.* at 229–30. However, where the state court does not conduct a resentencing hearing, issue a new sentencing entry, or issue a new judgment, a sentence modification does not restart AEDPA's one-year statute of limitations. *Id.* at 230.

In the present case, the judge on remand did not order a new resentencing or impose a new, less favorable sentence that would constitute a new judgment for purposes of restarting the statute of limitations under § 2244(d)(1). Consequently, the *Lockridge* remand did not delay the commencement of the one-year statute of limitations in Petitioner's case.

Nonetheless, even if the Court considers that the one-year statute of limitation did not begin running until the Michigan Supreme Court denied Petitioner's application for leave to appeal following the *Lockridge* remand, Petitioner's habeas petition is still untimely. The Michigan Supreme Court denied leave to appeal after remand on April 3, 2018. Petitioner's conviction became final on July 3, 2018, when the 90-day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119–20 (2009). Absent collateral review, Petitioner was required to file his habeas petition with this Court no later than July 3, 2019.

But here, Petitioner sought collateral review in state court. Petitioner filed his first post-conviction motion for relief from judgment with the state trial court on July 31, 2018, after 28 days elapsed under the AEDPA statute of limitations. Section 2244(d)(2) expressly provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation" under AEDPA. A post-conviction application remains "pending" in the state courts for purposes of § 2244(d)(2) until it "has achieved final resolution through the State's post-conviction procedures." *Carey v. Safford*, 536 U.S. 214, 220 (2002).

Here, the tolling of the one-year statute of limitations under § 2244(d)(2) ended on October 29, 2019, when the Michigan Supreme Court denied Petitioner's application for leave to appeal the denial of his motion for relief from judgment. *See Hudson v. Jones*, 35 F. Supp. 2d 986, 988–89 (E.D. Mich. 1999). Unlike on direct review, the one-year limitations period was not tolled further under § 2244(d)(2) during the time where Petitioner could have petitioned the U.S. Supreme Court for certiorari review of the denial of his state post-conviction motion. *See Lawrence v. Florida*, 549 U.S. 327, 329 (2007). Petitioner had 337 days remaining under the one-year limitations period after his state post-conviction proceedings ended on October 29, 2019. Therefore, Petitioner had until October 1, 2020 to timely file the present habeas petition.

8

Moreover, Petitioner's second motion for relief from judgment did not toll the limitations period. A habeas petitioner's second or successive motion for relief from judgment that is rejected by the state courts pursuant to Michigan Court Rule 6.502(G) does not toll the limitations period pursuant to § 2244(d)(2). *See Williams v. Birkett*, 670 F.3d 729, 733 (6th Cir. 2012).

A federal court must defer to state courts on issues of state law and procedure. As such, this Court must defer to the state court's finding that the claims raised by Petitioner in his second post-conviction motion did not come within one of the exceptions under Michigan Court Rule 6.502(G) that would allow the filing of such a motion. *See Vroman*, 346 F.3d at 603. A state court's determination whether a habeas petitioner's post-conviction motion was properly filed dictates whether a petitioner's post-conviction motion tolls the statute of limitations under § 2244(d)(2). *Id.* Petitioner's successive post-conviction motion for relief from judgment did not toll the limitations period because it was not properly filed under state law. Petitioner was thus required to file his habeas petition with this Court by October 1, 2020 under AEDPA's one-year statute of limitations.

## B. Whether Petitioner Is Entitled to Equitable Tolling

Because Petitioner's habeas petition was filed approximately two months after the AEDPA statute of limitations expired, the Court must consider whether Petitioner is entitled to equitable tolling. A habeas

9

action generally "begins with the filing of an application for habeas corpus relief—the equivalent of a complaint in an ordinary civil case." *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). AEDPA's statute of limitations stops running only when an actual habeas petition is filed, not when any preliminary motions are filed. *See Fierro v. Cockrell*, 294 F.3d 674, 680–81 (5th Cir. 2002) (holding that the filing of a motion for authorization to file a successive petition "does not satisfy the one-year statute of limitations under the AEDPA"). A preliminary motion for a stay or to hold a habeas petition in abeyance that is unaccompanied by a habeas corpus petition is insufficient to initiate a federal habeas corpus action under § 2244(d). *See Sanford v. Lindamood*, No. 16-6712, 2017 WL 11622222, at *2 (6th Cir. July 13, 2017) ("[A] notification of intent to file a habeas corpus petition unaccompanied by a habeas corpus petition is insufficient to initiate a federal habeas corpus proceeding for statute of limitations purposes.").

On June 2, 2020, Petitioner filed a motion for a stay and to hold his petition in abeyance. Petitioner noted that he "has not filed his Petition for Writ of Habeas Corpus in this Court," but intended to do so after exhausting additional claims in state court. ECF No. 1, PageID.1, PageID.4. However, Petitioner's motion to stay did not stop the running of the one-year limitations period because it was not a proper habeas petition and was not accompanied by a habeas petition.

10

Petitioner did not file his actual habeas petition until December 4, 2020, well after the limitations period expired on October 1, 2020. Importantly, the Court did not order Petitioner to correct the procedural deficiencies from his initial filing until November 6, 2020. At that point, the Court ordered Petitioner to file a habeas petition by December 7, 2020. Petitioner has not specifically raised his entitlement to equitable tolling in the present petition, but given the unique circumstances that affected the timely filing of the habeas petition in this case, the Court will consider whether equitable tolling applies. *See Taylor v. Palmer*, 623 F. App'x 783, 786 n.3 (6th Cir. 2015) (explaining that district courts "are permitted to consider the timeliness of a prisoner's habeas petition *sua sponte*" and "it is appropriate to consider all aspects of the threshold question of whether a petition complies with the statute of limitations").

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The habeas petitioner bears the burden to show that he is entitled to equitable tolling. *Id.*

11

The Court relies on a five-factor test to determine whether an untimely filing should be subject to equitable tolling:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009) (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

The main issue here is whether the Court's order for Petitioner to file a habeas petition by December 7, 2020 excuses his failure to file a petition by the actual statute of limitations deadline of October 1, 2020. In its Order, the Court did not specifically address the status of the statute of limitations applicable to Petitioner's case. And indeed, the Order requiring Petitioner to file a proper habeas petition by December 7, 2020 was issued after the statute of limitations had expired. Where a court provides potentially misleading or unclear instructions about the timeline for filing a habeas petition or related appeal, a petitioner may be entitled to equitable tolling.

For example, in *Kincade v. Wolfenbarger*, the Sixth Circuit summarized that the district court's order "could have led Petitioner to believe that there was no deadline for filing a post-conviction motion in state court and that the statute of limitations was not a bar to filing another habeas petition in federal court." 324 F. App'x 482, 488 (6th Cir. 2009) The Sixth Circuit affirmed the application of equitable tolling

12

because the district court concluded that its order likely confused the petitioner about the deadline for filing his habeas petition. *Id.* at 489; *see also May v. McKee*, No. 12-13037, 2014 WL 4978644, at *15 n.3 (E.D. Mich. Oct. 6, 2014) ("[B]ecause the Court assured petitioner that [the time the petitioner spent in federal court pursuing exhausted habeas claims] did not run the limitations clock and petitioner relied on this assurance in deciding to abandon his petition and return to state court, he is entitled to equitable tolling of the limitations period during this time.").

Similarly, in *Williams v. Birkett*, the district court applied equitable tolling where the state trial court gave misleading advice on the petitioner's appeal rights. 895 F. Supp. 2d 864, 869 (E.D. Mich. 2012). While the court emphasized that the petitioner's cognitive disabilities made it more likely that he would misunderstand the state trial court's guidance, the court explained that even "[a] person of ordinary intelligence" could find "the trial court's advice about petitioner's appellate court rights was confusing." *Id.*

Here, the Court's instruction for Petitioner to file a habeas petition within 30 days of its Order Directing Petitioner to Correct Procedural Deficiencies excuses his untimely filing. As a pro se party navigating a procedurally complex case, Petitioner was likely unaware that October 1, 2020 served as the statute of limitations deadline for filing his habeas petition. Moreover, the Court's Order did not address the statute of

13

limitations, but merely instructed Petitioner to file a proper habeas petition by December 7, 2020.

Consequently, Petitioner reasonably assumed that complying with the Court's order to file a habeas petition by December 7, 2020 would make his petition timely. Therefore, given the unique circumstances of this case, Petitioner's reasonable confusion over the correct filing deadline, lack of prejudice to Respondent, and his diligence in complying with the Court's Order to file a proper habeas petition, the Court concludes that application of equitable tolling is appropriate.

### C. Whether Petitioner's Ineffective Assistance of Counsel and Prosecutorial Misconduct Claims Are Procedurally Defaulted

As the Court understands it, Petitioner raises two substantive grounds for habeas relief: (1) ineffective assistance of trial counsel; and (2) prosecutorial misconduct. Respondent contends that Petitioner has failed to exhaust state remedies on these claims, the claims are procedurally defaulted, and Petitioner cannot succeed on the merits.

Procedural default doctrine generally prohibits federal courts from considering habeas claims "that the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). But a habeas petitioner can obtain federal court review of claims despite procedural default by showing that there was "cause for the default and actual prejudice as a result of the alleged

14

violation of federal law, or demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, Petitioner does not appear to have procedurally defaulted either of his claims. Although Petitioner indicates that he did not present these claims on direct or collateral review, the Michigan Court of Appeals reviewed substantively similar versions of these claims on direct review. For example, Petitioner's ineffective assistance of trial counsel claim was presented to and addressed by the Michigan Court of Appeals on direct review. ECF No. 12-16, PageID.695–97. Furthermore, Petitioner frames his prosecutorial misconduct claim as centering on "lack of sufficient evidence to support" his conviction and "mischarateriz[ation] [of] evidence" that misled the jury to convict him. ECF No. 5, PageID.20. The Michigan Court of Appeals likewise addressed Petitioner's claims regarding sufficiency of the evidence and the reasonableness of the jury's conviction on direct appeal. ECF No. 12-16, PageID.692–94.

Indeed, besides reciting the legal standards for procedural default, Respondent does not meaningfully explain the basis for finding procedural default here. Therefore, because it is doubtful that Petitioner procedurally defaulted his claims, the Court will proceed to address the merits. *See Wright v. Sherry*, No. 04-74407, 2008 WL 5422694, at *12 (E.D. Mich. Dec. 29, 2008) ("Even if the claims are procedurally defaulted,

15

the Court finds it more efficient to consider the merits of the claims than to perform a procedural-default analysis.").

### D. Whether Petitioner Is Entitled to Habeas Relief

Petitioner is not entitled to habeas relief on either of his claims. While the Court liberally construes Petitioner's pro se application, his habeas petition is *exceptionally* sparse and devoid of essential information to support his claims.

First, Petitioner cannot overcome the high threshold for showing ineffective assistance of counsel on habeas review. To demonstrate ineffective assistance of counsel, Petitioner must show that his counsel's performance "fell below an objective standard of reasonableness" and caused actual prejudice to his defense. *Strickland v. Washington*, 466 U.S. 668, 688, 693 (1984). And in context of review under § 2254, "[e]stablishing that a state court's application of *Strickland* was unreasonable" is exceptionally difficult because both *Strickland* and § 2254 require the Court to give high deference to the state court. *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

Petitioner's general allegations of his counsel's ineffectiveness were previously rejected by the Michigan Court of Appeals. Furthermore, as Respondent summarizes, Petitioner has not demonstrated how any potential error related to failure to challenge police misconduct, Petitioner's consent to search, and the times listed on the consent form caused him actual prejudice. Moreover, Petitioner has not presented any

16

arguments as to why the Michigan Court of Appeals decision was unreasonable, nor can the Court justify declining deference to the state court's application of *Strickland*. Therefore, Petitioner's ineffective assistance of trial counsel claims are meritless.

Second, for similar reasons, Petitioner's prosecutorial misconduct claim must fail. The Michigan Court of Appeals made a reasonable determination that the evidence presented was sufficient to sustain Petitioner's conviction. While Petitioner makes a bald allegation that the evidence was insufficient and the prosecutor "mischaracterized evidence" to the jury, Petitioner has not substantively supported these claims. Without facts clearly describing the purported prosecutorial misconduct, the Court cannot grant habeas relief on this ground.

## IV. CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus (ECF No. 5) is **DENIED**. The petition is **DISMISSED with prejudice**.

After a federal court denies a habeas petition, it must determine whether the habeas petitioner is entitled to a certificate of appealability. Here, jurists of reason would not debate the Court's conclusion that the petition must be dismissed on the merits. Therefore, the Court **DENIES** issuance of a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

However, although jurists of reason would not debate this Court's resolution of the habeas petition, the issues are not frivolous; therefore,

17

an appeal could be taken in good faith. Therefore, the Court **GRANTS** Petitioner leave to proceed in forma pauperis on appeal. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002); Fed. R. App. P. 24(a).

Accordingly, the petition for a writ of habeas corpus is **DENIED** and **DISMISSED** with prejudice. The Court **DENIES** issuance of a certificate of appealability. Petitioner is **GRANTED** leave to appeal in forma pauperis.

**IT IS SO ORDERED.**

Dated: April 30, 2023          s/Terrence G. Berg
                                             TERRENCE G. BERG
                                             UNITED STATES DISTRICT JUDGE

18